UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20323-CR-MOORE/D'ANGELO

UNITED STATES OF AMERICA,

vs.

NELSON NEGRIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

**THIS CAUSE** is before the Court following the referral of this action to the undersigned Magistrate Judge to take all necessary and proper action as required by law with respect to any and all violations of Supervised Release as to Defendant Nelson Negrin ("Defendant") (DE 68).

A Superseding Petition for Warrant or Summons for Offender Under Supervision ("Superseding Petition"), detailing eight alleged violations of Defendant's Supervised Release, was submitted to the Court on February 4, 2025 (DE 76). Defendant was arrested and made his initial appearance on February 18, 2025 (DE 67). The Court held a detention and probable cause hearing on February 24, 2025 and found Defendant had failed to show by clear and convincing evidence that any condition or set of conditions would reasonably assure Defendant's appearance at future proceedings if he were released on a bond (DE 75). The Court further found that there was probable cause for the alleged violations of supervised release in the Superseding Petition and detained Defendant pending the final revocation hearing in this matter (*id.*).

The Court held a status conference on March 19, 2025, at which the Parties requested additional time to determine whether Defendant will retain new counsel and whether a Second Superseding Petition will be filed (DE 77). On March 28, 2025, a Second Superseding Petition was filed, alleging two new violations in addition to the eight violations contained in the

Superseding Petition (DE 78).  The Court held a second status conference on April 3, 2025, at which the Parties requested an evidentiary hearing on April 30, 2025 to determine whether Defendant violated the conditions of his supervised release (DE 81).

At the hearing on April 30, 2025, Defendant stated that he intended to admit to violations one through five in the Second Superseding Petition, and the Government stated that it did not intend to proceed on the remaining violations, six through ten (DE 84).  Specifically, the Government proffered that there were evidentiary issues with its intended evidence for violations six through ten and also noted its discussions with the defense and the Probation Officer regarding Defendant's need for mental health treatment.  Defense counsel and Probation Officer Christina Williams, who was present for the hearing, agreed with the Government's representations.  Thereafter, Defendant was placed under oath, advised of the violations to which he agreed to admit guilt, and advised of the maximum potential penalty for those violations, which is two years' imprisonment and three years of supervised release.  The undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to violations one through five is knowing and voluntary.  The undersigned also informed Defendant of his right to an evidentiary hearing where the violations must be proved by a preponderance of the evidence and the rights associated with that hearing.  Defendant acknowledged that by admitting to the violations, he was giving up his right to an evidentiary hearing and all of the associated rights.

On May 1, 2025, Defendant filed a Notice of Admission (DE 85).  In the Notice, Defendant stated that he admits to violations one through five in the Second Superseding Petition (*id.*).  The Government filed a Notice of Intent to Dismiss Supervised Release Petition Violation Nos. 6-10 on May 5, 2025, stating that the Government will not proceed on violations six through ten and will move to dismiss those violations at the time of sentencing (DE 86).

Based on the foregoing and the representations on the record at the April 30, 2025 hearing from Defendant, Defendant's counsel, the Government, and Probation Officer Williams, the undersigned respectfully recommends that the Court set this matter for a final revocation hearing and sentencing, accept Defendant's admission of guilt to violations one, two, three, four, and five in the Second Superseding Petition, and dismiss violations six, seven, eight, nine, and ten at the time of sentencing.

Based on the agreement of the Parties at the April 30, 2025 hearing, the Parties shall have **three (3) business days** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 5th day of May, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record